IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK DAVIS,

    Petitioner,                             No. CIV S-09-1158 DAD P

    vs.

JOHN W. HAVILAND, Warden,       ORDER AND

    Respondent.                     FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

On April 28, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, petitioner alleges that on January 13, 2008, he received a CDC 128-A Custodial Counseling Chrono Citation for allegedly violating a prison rule that prohibits inmates from hanging articles of clothing from their bunks. Petitioner alleges that the clothing did not belong to him but to his cellmate. Petitioner claims that he submitted administrative appeals challenging the citation, but prison officials denied them in violation of his due process rights. Petitioner concludes that the arbitrary placement of negative and inaccurate information in his prison file could possibly affect his parole consideration and prison status. (Pet. at 5 & Attach.)

## ANALYSIS

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Although petitioner alleges that he received a citation for violating a prison rule, he does not allege that he lost any time credits as a result. To the extent that petitioner wishes to challenge the procedures used during the administrative appeals process, he is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism to pursue. See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); see also Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) ("[w]here the prison's alleged constitutional error does not increase the prisoner's total period of confinement, a successful § 1983 action

would not necessarily result in an earlier release from incarceration, and hence, does not intrude upon the 'heart' of habeas jurisdiction.")[1]  Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action should be dismissed without prejudice to filing a civil rights action.

## CONCLUSION

IT IS HEREBY ORDERED:

1. Petitioner's April 28, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's April 28, 2009 petition for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to filing a civil rights action; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the

---

[1] As one California court has recently stated in concluding that prison disciplinary actions that do not result in loss of credits do not implicate due process or warrant judicial review in habeas corpus proceedings,

> If we were to accept Johnson's premise that his CDC 115's are reviewable under the due process clause simply because they adversely impact the decision whether to release him on parole, all prison disciplinary decisions would be reviewable because all disciplinary decisions, no matter how minor, have the potential to adversely impact parole decisions.

In re Johnson, __ Cal. Rptr. 3d __, 2009 WL 2385174, at *4 (Cal. Ct. App. Aug. 4, 2009) (emphasis in original).

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi1158.156